IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1999 SESSION



FILED

April 30, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| PETE SMITH, | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9805-CR-00182 |
| | ) | |
| vs. | ) | Hamblen County |
| | ) | |
| STATE OF TENNESSEE, | ) | Hon. James E. Beckner, Judge |
| | ) | |
| Appellee. | ) | (Motion to Withdraw Guilty Plea) |

FOR THE APPELLANT:

**PETE SMITH (pro se)**
P.O. Box 3000
Whitedeer, PA 17887

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELLEN H. POLLACK**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN  37243-0493

**C. BERKELEY BELL, JR.**
District Attorney General
109 S. Main St., Suite 501
Greeneville, TN 37243-0493

**JOHN F. DUGGER, JR.**
Assistant District Attorney
510 Allison Street
Morristown, TN 37814

OPINION FILED:_____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The appellant, Pete Smith, appeals from the Hamblen County Criminal Court's order dismissing his Motion for Withdrawal of Guilty Plea. On July 28, 1994, the appellant pleaded guilty to two counts of sale and delivery of crack cocaine less than a half gram, one count of aggravated assault, and one count of escape. The judge sentenced him to an effective sentence of seven years in the Department of Correction. On April 13, 1998, the appellant filed a Motion for Withdrawal of Guilty Plea alleging (1) that he was ineffectively assisted by counsel due to the failure of counsel to advise the appellant of his Fourth Amendment rights and (2) that his guilty pleas were not entered knowingly and intelligently. The court below dismissed the motion as untimely. The appellant contends that the trial court erred in dismissing his motion as time-barred because the time requirement for filing should be waived under his unique circumstances. Following a review of the record and the briefs of the parties, we affirm the trial court's dismissal.

A motion to withdraw a guilty plea can only be made before the judgment is final. Tenn. R. Crim. P. 32(f).[1] See generally State v. Antonio Demonte Lyons, No. 01C01-9508-CR-00263 (Tenn. Crim. App., Nashville, Aug. 15, 1997). Thereafter, a defendant may raise a constitutional challenge to his guilty plea in a post-conviction proceeding. Tenn. Code Ann. § 40-30-203 (1997); see also Antonio Demonte Lyons, slip op. at 14. Although the appellant's pleading contained

---

[1] This rule states as follows:

> (f) Withdrawal of Plea of Guilty. -- A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

Tenn. R. Crim. P. 32(f).

the title of "Motion for Withdrawal of Guilty Plea," "a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought." Norton v. Everhart, 895 S.W.2d 317, 319 (Tenn. 1995). Accordingly, this court will treat the appellant's Motion for Withdrawal of Guilty Plea as a petition for post-conviction relief, as the parties and the court below have done.

Under the Post-Conviction Procedure Act of 1995, petitions filed after May 10, 1995, must be filed within one (1) year from the date of the final action of the highest state appellate court to which an appeal is taken or, if there is no appeal, within one (1) year of the date that the judgment became final. See Tenn. Code Ann. § 40-30-202(a) (1997). However, the act gave petitioners, whose three year statute of limitations under the previous act had not already expired, one year from the effective date of the act, May 10, 1995, in which to file a petition for post-conviction relief. See Tenn. Code Ann. § 40-30-201, Compiler's Notes (1997). A petition filed beyond the one year statute of limitations can only be considered if the claim (1) is based upon a newly established constitutional right that was not recognized at the time of trial, (2) is based upon new scientific evidence establishing actual innocence of the petitioner, or (3) seeks relief from an enhanced sentence because the previous conviction, which formed the basis of the enhancement, has been held to be invalid. See Tenn. Code Ann. § 40-30-202(b) (1)-(3) (1997).

The appellant's motion to withdraw his guilty plea was untimely filed on April 13, 1998. Upon entry of his guilty plea, including the waiver of his right to appeal, the judgment became final that day, July 28, 1994. See State v. Roy Dale McGriff, No. 01C01-9709-CR-00426 (Tenn. Crim. App., Nashville, Nov. 4, 1998); Quentin L. Hall v. State, No. 02C01-9802-CR-00040 (Tenn. Crim. App., Jackson, Aug. 28, 1998). The appellant needed to file his motion by May 10, 1996 in order to be timely. See Tenn. Code Ann. § 40-30-201, Compiler's Notes (1997).

However, the appellant contends that the statute of limitations should not apply to his case because he was unaware of his Fourth Amendment rights regarding the search of his motel room at the time of his guilty plea. This claim, the appellant contends, falls within the exception for a newly established constitutional right that was not recognized at the time of his plea. The appellant has misinterpreted the meaning of the exception for a newly established constitutional right that was not recognized at the time of his plea. The claim must be "based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of [the plea]." See Tenn. Code Ann. § 40-30-202(b)(1) (1997). The appellant's right to be free from an unreasonable search of his motel room existed long before the search occurred. See, e.g., Johnson v. United States, 333 U.S. 10,14 (1948); Stoner v. California, 376 U.S. 483, 486 (1964); Rippy v. State, 550 S.W.2d 636, 641 (Tenn. 1977); State v. Shaw, 603 S.W.2d 741, 742 (Tenn. Crim. App. 1980). The exception applies to claims of constitutional rights newly established by "a final ruling of an appellate court," not to a claim that the appellant did not know this constitutional right existed at the time of his plea.

Because we find that the statute of limitations bars the appellant's claims, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE

4

_____
JOHN K. BYERS, SPECIAL JUDGE